IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Raymond Edmonds, #304228, ) | |
| ) | |
| ) | Civil Action No. 8:08-1351-GRA-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden Lee Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent.[1] ) | |

The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the petitioner's motion for an abeyance, or, alternatively, to dismiss without prejudice. (Dkt. # 24.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

---

[1] A prisoner's custodian is the only proper respondent in a habeas corpus action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Therefore, as the warden is the only proper party in a habeas action, the State of South Carolina should be dismissed from this action. Accordingly, the undersigned will refer to the Warden as the only respondent throughout this report.

The petitioner brought this habeas action on April 3, 2008.[2]  On September 19, 2008 the respondent moved for summary judgment.  By order filed September 22, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  On October 28, 2008, the petitioner filed a response opposing the respondent's summary judgment motion.  Then, on February 26, 2009, the respondent filed an amended return and memorandum in support of his motion for summary judgment.  On March 24, 2009, the petitioner filed a motion for an abeyance, or, alternatively, to dismiss without prejudice.  On April 7, 2009, the respondent filed a memorandum opposing this motion.

## PROCEDURAL HISTORY

The petitioner is currently incarcerated in the Lee Correctional Institution .  In July 2003, the petitioner was indicted for trafficking crack cocaine, possession of unlawful weapon by a convicted felon, possession with intent to distribute cocaine, and possession with intent to distribute marijuana.  (ROA 570-577.)  He was represented by attorney Kahna Rahman. A jury trial was held August 2-4, 2004, with the Honorable Clifton Newman presiding. The jury convicted the petitioner of trafficking crack cocaine, 100 to 200 grams; possession with intent

---

[2]This date reflects that the petition was date stamped as received on April 3, 2008, at the Lee Correction Institution mailroom. (Pet. Attach.)  *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

to distribute marijuana, and possession of a stolen weapon. Judge Newman sentenced the petitioner. The petitioner appealed.

Assistant Appellate Defender Eleanor Duffy Cleary represented the petitioner on appeal. On October 11, 2005, she filed an *Anders* brief in the South Carolina Court of Appeals, raising the following issue: Did the trial judge err by refusing to order the state to provide appellant with the name of the confidential informant? (Final Anders Brief at 3.) On March 15, 2006, the South Carolina Court of Appeals dismissed the appeal in an unpublished opinion, *State v. Edmonds*, 2006-UP-158 (S.C. Ct.App. filed March 15, 2006). The remittitur was sent down on April 25, 2007. It appears that the petitioner sought certiorari review from the South Carolina Supreme Court, which was denied on April 23, 2007. (Resp't's Mem. Opp. Mot. for Abeyance at 4 n. 4.)[3]

On October 8, 2007, the petitioner filed an application for post-conviction relief ("PCR"). In his PCR application, the petitioner referenced a memorandum, but no memorandum was provided. An evidentiary hearing was scheduled for August 14, 2008, before the Honorable J. Michelle Childs. Upon the petitioner's request to substitute counsel a continuance was granted. The petitioner's PCR action is still pending before the state circuit court.

In this habeas petition, the petitioner raises the following grounds:

> **Ground One:** The lower court erred when failing to compel the state to disclose the confidential informant so he could be used as defense witness.

---

[3] The respondent has stated that this information was inadvertently omitted in the procedural history in the return. (Resp't's Mem. Opp. Mot. for Abeyance at 4 n. 4.)

>    **Ground Two:** The lower court erred when refusing to suppress search warrant.

(Pet. Attachs.)

## DISCUSSION

As noted above, the petitioner currently has a PCR proceeding pending in state court. In his motion for an abeyance, or, alternatively, to dismiss without prejudice (Dkt. # 24), he states he would like the court to hold this habeas petition in abeyance or that this habeas petitioner be dismissed without prejudice to allow him to re-file upon exhaustion of the remedies alleged in his state PCR. The respondent opposes this motion. (*See generally* Resp't's Mem. Opp. Mot. for Abeyance.) The respondent contends that since the petitioner raises only direct appeal issues in this federal habeas action, his petition should not be dismissed in order to pursue available state remedies because there are no available state remedies as to these direct appeal issues. (Resp't's Am. Mem. Supp. Summ. J. at 4; Resp't's Mem. Opp. Mot. for Abeyance 2-3.) In other words, the respondent argues that the only issues raised in this habeas petition are direct appeal issues which have been raised in state court and could not be raised in a the petitioner's PCR. The respondent also points out that the petitioner has not presented a mixed petition and thus dismissal without prejudice in order to exhaust state remedies is not warranted. *See generally Rose v. Lundy*, 455 U.S. 509, 522 (1982)("district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

While these arguments are valid, the undersigned is concerned that if the pro se petitioner continues with his current petition, he will foreclose any habeas review of any

4

issues which he may raise in his PCR proceeding in state court. The petitioner would face the successive petition bar if he were to file a new habeas action after his now-pending PCR case was decided by the courts of the State of South Carolina.

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows for dismissal by order of the court. The court determines when a case will be dismissed when there is no stipulation by all of the parties and/or an answer has been filed. Absent "legal prejudice" to the defendant, the court should normally grant a motion to dismiss without prejudice under Fed.R.Civ.P. 41(a)(2). *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997) (setting forth the factors to be considered). While the respondent has filed a motion for summary judgment, the undersigned does not believe that the respondent will suffer any legal prejudice if the petitioner is granted a dismissal without prejudice.

If this federal petition were to be heard and a decision rendered on the merits, the petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of his current state PCR proceedings that he may want to bring in the future because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b). Accordingly, the petitioner's motion should be granted and this petition should be dismissed without prejudice.

## CONCLUSION

Wherefore, it is RECOMMENDED that the Petitioner's Motion for Abeyance (Dkt. #24) be GRANTED and the petitioner's habeas petition be DISMISSED WITHOUT PREJUDICE.

Furthermore, if the District Court adopts this report, the undersigned recommends

5

that the Petitioner's Motion for an Extension (Dkt. # 25); and the Respondent's Motion for Summary Judgment (Dkt. # 17) be DENIED as moot.

  IT IS SO RECOMMENDED.

                *Bruce H. Hendricks*
                BRUCE H. HENDRICKS
                UNITED STATES MAGISTRATE JUDGE

April 8, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).